IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST KEISTER, | : | No. 4:13-cv-00118 |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| PPL CORPORATION AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1600, | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 29th day of December 2015, **IT IS HEREBY ORDERED** that:

1. Defendant PPL's Motion for Rule 11 Sanctions, ECF No. 38, is GRANTED.

2. In accordance with the accompanying Memorandum, Donald P. Russo, Esquire, is hereby found to have violated Rule 11 on a second occasion in the United States District Court for the Middle District of Pennsylvania.

3. In accordance with the accompanying Memorandum, Donald P. Russo, Esquire, is hereby sanctioned in the form of reasonable attorney's fees for this now second Rule 11 violation.

1

4. Defendant International Brotherhood of Electrical Workers, Local 1600 Union's Rule 54 Motion for Fees and Costs, ECF No. 56, is GRANTED.

5. No later than January 12, 2016, counsel for Defendants shall submit their separate fee bills for the time expended in defending the entirety of this litigation, including the instant Motions for Sanctions and Fees. The fee bills should be accompanied by appropriate supporting affidavits, which should set forth the applicable hourly rate and detail the hours expended and work performed in defending the instant litigation and prosecuting the instant Motions for Sanctions and Fees. Such filings should detail the exact expenses and fees incurred, with sufficient detail that the Court is capable of determining whether such expenses, costs, or fees are duplicitous, excessive, or otherwise unnecessary.

6. No later than January 19, 2016, Mr. Russo may, at his own election, submit to this Court responsive papers for the sole purpose of contesting Defendants' fee bill submissions and supporting papers. The Court will not hear arguments that go to the merits of its Rule 11, Rule 54, or summary judgment rulings.

7. No later than January 26, 2016, Defendants may, at their own election, submit to this Court any papers necessary to reply to Mr. Russo's responsive contentions as it relates to Defendants' fee bill submissions and supporting papers.

8. After January 26, 2016, the Court will award Defendants a sum certain, will enter final judgment on its Rule 11, Rule 54, and summary judgment rulings, and will direct the Clerk of Court to close this case.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge